CURTIS M. LOWE, plaintiff in error, *vs.* WILLIAM A. RAWSON, defendant in error.

1. The Act of October 13th, 1870, requiring an affidavit of the payment of taxes in all pending suits on contracts before June, 1865, applies also to pending off-sets, the same being cross-actions; and in such cases the defendant must file the affidavit within the time prescribed or his plea will be dismissed.

2. The charge of the Court and the verdict of the jury are sustained by the evidence, and the Court did not err in granting a new trial.

Relief Act of 1870. Partnership. Before Judge JOHNSON. Stewart Superior Court. April Term, 1871.

Rawson sued Lowe upon an open account, for two-thirds of the rent of a store for 1865, 1867, 1868 and 1869, for $1,000 00, and for certain pork, $58 87. Lowe pleaded set-off for storing cotton in 1863, $316 62, for repairs to the store in 1867, 1868 and 1869, $108 25, services in closing the business of the firm of Rawson & Lowe, from August, 1865, to September, 1870, $500 00, and an account for goods, wares and merchandize, sold and delivered in 1867, 1868 and 1869. When the cause was called, it was ascertained that Lowe had not filed the affidavit as to payment of taxes required by the Relief Act of 1870. Upon motion the Court therefore, struck so much of said set-off as accrued prior to 1865. The only material evidence was as follows: It was shown on the trial, that Rawson owned two-thirds of said store and Lowe the other third, and that

its rent was worth $300 00 *per annum,* and it was occupied by Lowe as averred. That Rawson sold the pork and had not been paid for it, was conceded, but Lowe said he did not sell it to him but to one Adams, while Rawson said it was sold to Lowe. Lowe also testified, that his account against Rawson for goods was correct, and that he did spend much time in closing up their old firm business, and his labor in that regard "was worth $500 00 to said Rawson."

The Court charged the jury to find what Lowe's services were worth in winding up the old firm business, and charge Rawson with but half of it, for Lowe was properly chargeable to the other half. The jury found for Rawson for $726 14. Defendant says the Court erred in striking said part of said set-off, and in said charge to the jury.

McCay, Judge.

We think this case comes within the Act of October 13th, 1870. An offset is a pending suit; it is a cross-action. At common law no offset was pleadable; parties were driven to their action. And even now, it is not in the nature of a defense to the suit, since the defendant may plead it or not at his option, and if his debt be the largest he is entitled to a judgment for the excess. A set-off is at last but only a form of action. It must be distinctly set out; the Statute of Limitations applies to it, and so do all the other incidents of a suit. The plaintiff cannot get clear of it by dismissing his suit: Code, section 2856. And the very definition given in the Code says, "it sets up a *demand* against the plaintiff:" Code, section 2848.

We think it comes clearly within the reason of the Act of October 13th, 1870, and we see no error in the application of that Act by the Judge. We think the case was on the whole submitted fairly to the jury. True, the language of the witness may perhaps bear the construction put upon it by the counsel for the plaintiff. He may not have *meant* that *the firm owed* him, but he states the facts out of which the

indebtedness arose, and he does not say that there had been any settlement or stating of accounts. Indeed, rather the contrary appears. We think the verdict of the jury sustainable, and as the Judge has refused to interfere, neither will we.

Judgment affirmed.